WATSON, Justice.*
Defendant, William Bostick, contends that the trial court failed to comply with the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1 and imposed an excessive sentence.
Bostick was charged with possession of methamphetamine with intent to distribute the substance. LSA-R.S. 40:967(A)(1). Bostick was also charged with possession of marijuana, second offense. LSA-R.S. 40:967(D)(2). Bostick pleaded guilty to first offense possession of marijuana, LSA-R.S. 40:967(D)(1), and to attempted possession of methamphetamine with intent to distribute. LSA-R.S. 14:27(D)(3). He was sentenced to six months in jail on the marijuana conviction and two years at hard labor on the methamphetamine conviction.
The six month sentence on the marijuana conviction is the maximum length of time for that offense. However, Bostick could have been sentenced to serve the six months at hard labor. The sentence on the methamphetamine charge is within the possible five year maximum for attempted possession with intent to distribute a Schedule II non-narcotic drug. LSA-R.S. 40:967(B)(2); LSA-R.S. 14:27(D)(3). The trial court did not impose the additional fines which are allowed by the respective statutes.
A sentence within statutory limits may violate a defendant’s constitutional right to be protected from excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentences imposed here are not apparently excessive.
Bostick’s record shows two prior convictions of DWI; a charge of simple burglary, reduced to receiving stolen property, for which he was sentenced to two years in the Ouachita Parish Jail; perjury, for which he received six months in jail; possession of marijuana, for which he received fifteen days in jail; and some other minor charges. Bostick’s record indicated to the trial court “a complete indifference toward non-criminal behavior and lack of self control.” (Tr. 39) Bostick appeared disposed toward criminality. The judge expressed, in other words, the idea of an undue risk that Bostick would commit another crime and need of a custodial environment; thus, the trial court found the factors set forth in LSA-C.Cr.P. art. 894.1 A(l)[1] and (2).[2] The trial judge noted an indifferent attitude on Bostick’s part and believed that Bostick would continue to disobey the law. The court was also aware that the two charges had been reduced. Inferentially, the trial court found that a lesser sentence would deprecate the seriousness of the crimes, the third factor set forth in LSA-C. Cr.P. art. 894.1 A(3)[3] to justify imprison *152 ment. See State v. Russell, 397 So.2d 1319 (La.1981).
Many of the factors set forth in LSA-C. Cr.P. art. 894.1 B were not weighed by the trial court. However, some are not pertinent to these offenses. LSA-C.Cr.P. art. 894.1 B (l),[4] (2),[5] (6)[6] and (6)[7] concern crimes from the victim’s point of view. Possession of marijuana is a victimless crime. In “attempted” possession of methamphetamine with “intent to distribute", there is a potential threat to society at large but no specific victim. Yet, these crimes carry statutory penalties of imprisonment. Presumably, a victim is not a sine qua non for imprisonment of transgressors. No evidence was adduced to show provocation or excuse. LSA-C.Cr.P. art. 894. IB (3)[8] and (4).[9] The trial court did consider defendant’s history of prior criminal activity. LSA-C.Cr.P. art. 894.1 B(7).[10] The trial court also expressed the idea that defendant’s criminal conduct was likely to recur and that he would probably commit further crimes. LSA-C.Cr.P. art. 894.1 B(8)[11] and (9).[12] The court stated that defendant’s status as a third offender made probation inappropriate. LSA-C.Cr.P. art. 894.1 B(10).[13] The court did not mention whether imprisonment would entail excessive hardship to defendant or his dependents. LSA-C.Cr.P. ai$. 894.1 B(ll).[14] The presentence report states that Bostick is divorced and his four year old son does not reside with him. Bostick’s mother is critically ill but it is uncertain whether he provides any help for her, morally or otherwise.
The trial court’s compliance with the requirements of LSA-C.Cr.P. art. 894.1 was adequate and the sentences are not excessive for this defendant. See State v. Davenport, 399 So.2d 201 (La.1981).
For the foregoing reasons, the sentences imposed by the trial court herein are affirmed.
AFFIRMED.

 Judge Ned E. Doucet, Jr., of the Court of Appeal, Third Circuit, and Judges Thomas J. Klie-bert and Robert J. Klees of the Court of Appeal, Fourth Circuit participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Justices Calogero, Dennis and Watson.

.LSA-C.Cr.P. art. 894.1 A(l) provides:
“There is an undue risk that during the period of a suspended sentence of probation the defendant will commit another crime;”.

. LSA-C.Cr.P. art. 894.1 A(2) provides:
“The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution;...”

. LSA-C.Cr.P. art. 894.1 A(3) provides:
*152 “A lesser sentence will deprecate the seriousness of the defendant’s crime.”

. LSA-C.Cr.P. art. 894.1 B(l) provides:
“The defendant’s criminal conduct neither caused nor threatened serious harm;”.

. LSA-C.Cr.P. art. 894.1 B(2) provides:
“The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;”.

. LSA-C.Cr.P. art. 894.1 B(5) provides:
“The victim of the defendant’s criminal conduct induced or facilitated its commission;”.

. LSA-C.Cr.P. art. 894.1 B(6) provides:
“The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;”.

. LSA-C.Cr.P. art. 894.1 B(3) provides:
“The defendant acted under strong provocation;”.

. LSA-C.Cr.P. art. 894.1 B(4) provides:
“There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;”.

. LSA-C.Cr.P. art. 894.1 B(7) provides:
“The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;”.

. LSA-C.Cr.P. art. 894.1 B(8) provides:
“The defendant’s criminal conduct was the result of circumstances unlikely to recur;”.

. LSA-C.Cr.P. art. 894.1 B(9) provides:
“The character and attitudes of the defendant indicate that he is unlikely to commit another crime;”.

. LSA-C.Cr.P. art. 894.1 B(10) provides:
“The defendant is particularly likely to respond affirmatively to probationary treatment; and”.

. LSA-C.Cr.P. art. 894.1 B( 11) provides:
“The imprisonment of the defendant would entail excessive hardship to himself or his dependents.”