MAX N. TOBIAS, JR., Judge.
LThe defendant, Torrey Hackett (“Hackett”), was charged by bill of information with distribution of cocaine, a violation of La. R.S. 40:967. On 10 May 2006, his counsel filed a motion to suppress evidence and a motion for a preliminary examination, which were both heard on 25 May 2007. The trial court denied the motion to suppress and found probable cause. At the commencement of trial on 16 June 2008, Hackett waived his right to a trial by jury, electing a judge trial. He was found guilty as charged. A multiple bill of information was filed. A motion to quash the multiple bill was filed on 9 December 2009. Also, a motion for a new trial and a motion for post-verdict judgment of acquittal were filed and both denied by the trial court. On 30 July 2010, Hackett was sentenced to serve twenty years at hard labor with credit for time served. Under La. R.S. 15:529.1 (the Habitual Offender Law), based on prior convictions for possession of heroin and possession of marijuana (second offense), Hackett was found guilty of being a triple offender, citing his pleas of guilty in case number 392-870 and 430-834. Written requests for a Dorthey hearing and a presentence investigation were denied. The trial court then vacated Hackett’s prior sentence and resentenced him as a triple offender to twenty years at hard labor with credit for time served.
| gHackett appealed, alleging (1) insufficient evidence existed to support his con-vietion as a triple offender, and (2) that his twenty-year sentence as a triple offender violated the U.S. Constitution Eighth Amendment’s proscription of cruel and unusual punishment. We affirmed his conviction, but vacated his sentence, finding that his sentencing immediately following the denial of his motion for new trial, without an express waiver of delays, violated La.C.Cr.P. art. 873; we remanded for resentencing. State v. Hackett, 10-1626, unpub. (La.App. 4 Cir. 8/24/11), 68 So.3d 1238 (table).
On 27 September 2012, Hackett appeared before the trial court with counsel for resentencing. A motion for new trial was denied. The trial court also denied Hackett’s pro se motion to amend or modify the sentence. The trial court explained that it could not consider a sentence below the statutory minimum. Defense counsel waived all sentencing delays, and the trial court once again sentenced Hackett to serve twenty years in the Department of Corrections with credit for time served. (The sentence is the mandatory minimum sentence under La. R.S. 15:529.1.[1]) Hack-ett objected to the sentence and orally moved for an appeal. This appeal followed.
I.
The facts of this case are derived from this court’s prior opinion:
On May 10, 2006, at approximately 2:20 p.m., Sergeant Frank Young, Detective Jeff Sislo, Officer Robert Hurst and Officer Francis Jarod of the New Orleans Police Department Major Case Narcotics Unit were investigating drug trafficking in the Pigeon Town area of the city of New Orleans. While Sgt. Young drove an unmarked police unit, Det. Sislo acted *1168 as a spotter and monitored any wired conversations between Sgt. Young and potential suspects.
13As Sgt. Young drove towards the Mississippi River on Leonidas Street, he was flagged down by Larry Mason at the corner of Leonidas and Hickory Streets. Sgt. Young pulled his vehicle onto the side of the street. Mr. Mason asked Sgt. Young if he was the police; Young answered that he was not. Sgt. Young asked Mr. Mason if he had any crack cocaine. Mr. Mason responded that he could get some crack and told Sgt. Young to wait. Mr. Mason walked across Hickory Street, where he met with Defendant Hackett and engaged in a conversation. Mr. Mason returned to Sgt. Young’s vehicle and informed Sgt. Young that he could only get $20.00 pieces of crack cocaine. Sgt. Young responded that he would purchase the crack. Mr. Mason walked back to Defendant Hackett. Defendant Hack-ett removed something from his right front pants pocket and gave it to Mr. Mason. Mr. Mason walked back to Sgt. Young’s vehicle and gave Sgt. Young three pieces of crack cocaine; Sgt. Young gave Mr. Mason a marked twenty-dollar bill in exchange for the cocaine.
As Sgt. Young drove away, he observed Mr. Mason and Defendant Hackett enter the Hickory Food Store. Sgt. Young signaled to Det. Sislo and the other officers that the drug transaction had been completed. Sgt. Young gave a description of Mr. Mason and Defendant Hackett and told the back-up team of police officers that they went into the Hickory Food Store. Officers Hurst and Jar-od entered the store and arrested Mr. Mason and Defendant Hackett. During a search incident to the arrests, the officers found a ten-dollar bill in the possession of each man. Det. Sis-lo entered the store, and, after a conversation with the store clerk, requested that the clerk produce all of the twenty-dollar bills that were in the cash register. Det. Sislo examined the bills and found the marked bill that Sgt. Young had given to Mr. Mason in exchange for the crack cocaine.
Mr. Mason testified that Defendant Hackett was not involved in the drug transaction, but was a victim of circumstance. Mr. Mason stated that he was not flagging Sgt. Young down, but was waving to a friend, who was at the corner of Leonidas and Green Streets. Mr. Mason also denied entering the Hickory Food Store; he claimed that he got the crack cocaine from Greg Brant, who is now deceased. Mr. Mason testified that Mr. Brant was the person who exchanged the twenty-dollar bill for two ten-dollar bills. He opined that because the police saw 14him and Defendant Hack-ett talking, they assumed that the defendant was involved in the drug transaction.
Ahmed Almaklani, manager of the Hickory Food Store, testified that Defendant Hackett was in the back of the store waiting for the lunch that he ordered and was never at the cash register. Mr. Almaklani denied exchanging the twenty-dollar bill for two ten-dollar bills. He stated that Det. Sislo looked through six twenty-dollar bills before finding the marked bill. Det. Sislo confiscated the marked bill and gave Mr. Almaklani an unmarked bill.
Hackett, 10-1626, pp. 3-5.
II.
In his assignments of error, Hackett asserts that the trial court erred in finding *1169 him to be a triple offender because the state’s evidence is insufficient and the proceeding denied him due process of law; further, he asserts that sentencing him to twenty years at hard labor under the circumstances of this offense and for this offender violates the Eighth Amendment prohibition against cruel and unusual punishment or the Louisiana Constitution’s prohibition against excessive punishment. We discuss these assignments of error together.
Hackett first argues that he was never adjudicated a third felony offender because this court, in State v. Hackett, 10-1626, unpub. (La.App. 4 Cir. 8/24/11), vacated the trial court’s 10 July 2010 multiple offender adjudication and sentence and pretermitted the assignment as to the sufficiency of the multiple bill. However, his claim is incorrect. Only Hackett’s sentence was vacated by this court; the adjudication remained. Therefore, his argument lacks merit.
Next, Hackett asserts that the state’s first multiple bill filed against him alleged that he was only a second offender, but then abruptly and unfairly, the state changed the multiple bill to that of a third offender during the 10 July 20101 .¡multiple bill trial. This change, he asserts, placed his counsel at a disadvantage in his preparation for the trial. Furthermore, Hackett argues that the evidence presented at that trial was insufficient to support the judge’s finding that he was a third felony offender.
Specifically, Hackett asserts that the state failed to prove that he is the same person (identity) convicted in the prior felony convictions used in the multiple bill because no fingerprint evidence was present on the bills of information in the predicate convictions used to identify him. Further, he argues that the state’s evidence was deficient because: (1) the identification evidence on the 1997 and 2002 convictions did not include bills of information with certified fingerprints, and/or (2) the proper procedures under R.S. 15:529.1 were not followed, all in violation of due process of law. That is to say, Hackett argues that the trial court’s finding that he was a triple offender was a denial of his right to due process because the issue of whether he is a multiple offender should have been tried before a jury, citing Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and asserting that there are other elements of La. R.S. 15:529.1 that require a jury determination. Under the statute, the state is required to prove his identity, the nonexistence of a ten-year lapse,[2] and the other conviction(s) were knowingly and voluntarily entered. (La. R.S. 15:529.1 requires the state prove these each of these | .¡elements beyond a reasonable doubt.) He asserts that because each of the bills of information does not bear his fingerprints, the state has failed to meet its burden of proof.
Hackett cites Shepard v. U.S., 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) *1170 in further support of his jury trial argument. He asserts Shepard stands for the proposition that “any external materials or issues required by the statute that do not appear on the face of certified court documents must be decided by a jury and proven beyond a reasonable doubt.” Thusly, he contends his Sixth Amendment right to a jury has been violated. Further, he argues that the trial court erred when it admitted fingerprint cards created at the time of his arrests, rather than proof of his identity from fingerprints upon conviction documents; thus, he asserts the court should have insisted that the state produce bills of information bearing his fingerprints, citing La. R.S. 15:529.1 F,[3] because fingerprints on arrest registers do not prove that a conviction occurred. Therefore, he asserts that evidence of his 1997 second offense marijuana conviction and his 2002 possession of heroin conviction were insufficient to sustain a finding that he was a triple offender.
|7The state responds by arguing that the trial court’s finding was supported by sufficient evidence because when he was convicted in this case on 16 June 2008, he had two prior felony convictions; the multiple bill lists a 1997 plea of guilty to possession of marijuana (second offense) in case number 392-870 and a 2003 plea of guilty to heroin possession in case number 430-834. The state submits that this court has considered and rejected similar defense arguments in the past, citing State v. Anderson, 99-1407, p. 7 (La.App. 4 Cir. 1/26/00), 753 So.2d 321, 326, in which an appellant argued that fingerprints found on the bill of information were unusable for purposes of identification; [4] and State v. Langlois, 96-0084, p. 6 (La.App. 4 Cir. 5/21/97), 695 So.2d 540, 544,[5] where the evidence consisting of an arrestee’s fingerprint card from a prior arrest and information on the arrest disposition report regarding prior arrests was deemed sufficient to establish identity.[6]
*? |sThe state submits that, in the instant ease, it has introduced from each of Hack-ett’s predicate convictions in his 1997 plea of guilty to marijuana possession in case number 392-870 and his 2003 plea of guilty to heroin possession in case number 430-834: the bills of information, the plea of guilty forms executed by Hackett (containing a waiver of constitutional rights), the minute entries reflecting that Hackett, who was represented by counsel, waived his constitutional rights and entered pleas of guilty, the docket masters, the screening action forms, and the arrest registers. The state notes also that Officer Pollard, who was qualified as an expert in the taking and analysis of fingerprints, fingerprinted Hackett in court for purposes of comparison, and testified that the fingerprints contained in the arrest registry relating to the prior convictions matched the fingerprints he took from Hackett in court. Therefore, the state asserts, the assignment of error is without merit.
Finally, the state asserts that under State v. Cossee, 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72, La. R.S. 15:529.1 D(l)(b) places the burden of challenging a predicate conviction in a multiple bill proceeding upon the defendant, not upon the state. Also, the state argues that, with regard to Apprendi, no jury is required to establish the existence of an appellant’s status as a habitual criminal or to prove that he has prior convictions; thusly, Hackett is not entitled to a jury.[7]
In the amended[8] multiple bill of information, the state charged that Hackett was convicted on 10 November 1997 in case number 392-870 “H” for possession |3of marijuana, second offense, and for possession of heroin on 27 March 2003 in case number 430-834 “A.”
In State v. Henry, 96-1280, p. 7 (La.App. 4 Cir. 3/11/98), 709 So.2d 322, 325-26, this court stated:
To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and that the Appellant is the same person convicted of that felony. State v. Hawthorne, 580 So.2d 1131 (La.App. 4th Cir. 1991). Various methods are available to prove that the Appellant on trial is the same person convicted of the prior felony offense, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver’s license number, sex, race and date of birth. State v. Westbrook, 392 So.2d 1043 (La.1980); State v. Curtis, 338 So.2d 662 (La.1976); State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ den. 538 So.2d 590(La.1989); State v. Savoy, 487 So.2d *1172 485 (La.App. 3rd Cir.1986). The mere fact that the Appellant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. Curtis, 338 So.2d at 664. In State v. Westbrook, 392 So.2d 1043 (1980), the supreme court found that along with Appellant’s name, his driver’s license number, sex, race, and date of birth were sufficient evidence for the State to carry its burden of proving that this Appellant was the same person previously convicted of another felony.
In the instant case, the state produced the bills of information charging Hackett with the predicate felonies, the guilty plea forms signed by him, the minute entries (reflecting that he was represented by counsel, waived his constitutional rights, and pleaded guilty), the docket masters (showing his name and date of birth), the screening action forms (reflecting his name and date of birth) and the arrest registers (reflecting his name, date of birth, and fingerprints). The | ^information on the arrest registers matched the documents in each case. In addition, Officer Joseph Pollard [9] testified that he compared Hackett’s fingerprints taken on the morning of trial with the fingerprints on both arrest registers and found that the prints matched Hackett’s prints that were taken in court. He concluded that Hackett was the same person convicted in the predicate offenses.
In State v. Cosey, 04-2220 (La.App. 4 Cir. 7/13/05), 913 So.2d 150, this court noted that matching an appellant’s fingerprints to an arrest register which then were matched to other documents concerning the prior offense was sufficient to establish identity.[10] Applying the standard of proof enunciated in Henry, the evidence is sufficient to support Hackett’s adjudication as a third felony offender.
Finally, regarding the Hackett’s claim that that he was deprived of his due process right to a jury trial on the multiple bill, this court in State v. Vincent, 10-0764, pp. 10-11 (La.App. 4 Cir. 1/19/11), 56 So.3d 408, 415, addressed the issue of jury access in multiple bill hearings as follows:
Next, Vincent argues that he was entitled to a jury trial on the issue of his multiple offender status. He suggests that the multiple offender statute violates the Fourteenth and the Sixth Amendments to the U.S. Constitution. He relies upon the United States Supreme Court cases Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
| nThis court has determined that no constitutional right to a jury trial exists in multiple bill proceedings because all of the elements necessary to enhance the sentence “can be determined by reviewing the documents submitted in support of the multiple bill of information.” State v. Smith, 05-0375 pp. 3-5, (La.App. 4 Cir. 7/20/05), 913 So.2d 836, 839, citing Apprendi, supra. We find no merit to this claim.
*? The issue of identification was addressed by this court in State v. Anderson, 99-1407, p. 7, 753 So.2d at 326, citing State v. Henry, 96-1280, p. 7 (La.App. 4 Cir. 3/11/98), 709 So.2d 322, in which we determined that:
... the state showed the person convicted in the prior offense had the same bureau of identification number, the same date of birth, and the same social security number as the Appellant. This court concluded that the State produced sufficient proof of the Appellant’s identity as the person convicted in the prior offense.
Hackett’s assertions are without merit.
Hackett argues that his sentence is excessive in light of his actual offense (distribution of three pieces of cocaine valued at $20). Generally and ideally, a trial judge must comply -with the guidelines set forth in La.C.Cr.P. art. 894.1, and show that the sentence imposed is warranted in light of the particular circumstances of the case. At resentencing, the trial court denied Hackett’s request for a presentence investigation and gave no reason for the sentence beyond that it was the minimum. Hackett argues that he is a drug addict and not a violent criminal. He cites State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, (which cites State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676, arguing that this court has recognized that “the classification of a defendant’s instant or prior offenses as nonviolent should not be discounted ...).”[11]
| ^The state asserts that a sentence of twenty years at hard labor under the circumstances of this offense and for this offender does not violate the Eighth Amendment prohibition against cruel and unusual punishment or the Louisiana constitutional prohibition against excessive punishment, and that the trial court’s finding Hackett guilty of being a triple offender did not deny him due process. The state avers that while the imposition of cruel, unusual, and excessive punishment is prohibited by both the state and federal constitutions, for a sentence to be set aside as excessive, the penalty must “shock our sense of justice.”
Under State v. Square, 433 So.2d 104 (La.1983) and State v. Bostick, 406 So.2d 150 (La.1981), absent a showing of manifest abuse of the trial court’s wide discretion, a sentence within statutory limits will not'be set aside by this court. The state asserts that mandatory minimum sentences are constitutional under the Habitual Offender Law.[12] The state argues that Hackett has failed in his responsibility to demonstrate that his case is “exceptional” in a manner justifying a downward departure in sentencing; furthermore, the sentence handed down by the trial court is comparable with sentences imposed in similar cases. See State v. Bentley, 02-1564 (La.App. 4 Cir. 3/12/03), 844 So.2d 149, 157 (the defendant, 11swho had two prior felony *1174 convictions for narcotics, received a twenty-year sentence as a third felony offender).
In State v. Rogers, 555 So.2d 500, 503 (La.App. 4th Cir.1989), we said:
A similar argument was rejected by this Court in State v. Whittaker, 496 So.2d 1103, 1104 (La.App. 4th Cir.1986), and State v. King, 490 So.2d 1139 (La.App. 4th Cir.1986), writ denied, 494 So.2d 326 (La.1986). The Appellants claimed that the theft convictions at issue had already been enhanced from misdemeanors to felonies under LSA-R.S. 14:67 and therefore could not be enhanced again under LSA-R.S. 15:529.1. This Court observed in each case that the predicate offense was a felony by virtue of the fact that it was a second offense, not because the Appellant already stands adjudicated a felon. In the instant case, the Appellant’s prior conviction under LSA-R.S. 14:67 was not an enhancement of a prior felony conviction but it was itself a felony conviction by virtue of its status as a repeated offense. Thus, there is no impediment to the State’s use of the felony convictions in a multiple bill proceeding. State v. Whittaker, supra, 496 So.2d at 1104; State v. Harris, 511 So.2d 803 (La.App. 4th Cir.1987), writ den., 514 So.2d 127 (1987). The trial court properly used the theft convictions derived from misdemeanors to enhance the Appellant’s sentence.
La. R.S. art. 40:966 E(2)(a) states:
Except as provided in Subsection F or G of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahy-drocannabinol or chemical derivatives thereof, or synthetic cannabinoids, the offender shall be fined not less than two hundred fifty dollars, nor more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both. [Emphasis added].
Hackett argues that his sentence of twenty years at hard labor, under the circumstances of this offense and considering his record, violates the Eighth Amendment prohibition against cruel and unusual punishment and/or the Louisiana’s constitutional prohibition against excessive punishment.
 In State v. Smith, 01-2574, pp. 6-7 (La.1/14/03), 839 So.2d 1, 4, the Court set forth the standard for evaluating a claim of excessive sentence:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that “[n]o law shall subject any person to ... excessive ... punishment.” (Emphasis added.).. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
In Johnson, 97-1906, pp. 7-9, 709 So.2d at 676-77, the Court held that a sentencing judge must always start with *? the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional, and a court may only depart from the minimum sentence if it finds that clear and convincing evidence exists in the particular case before it that would rebut this presumption of constitutionality. To rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Further, when determining whether the defendant has met his burden of proof by rebutting the presumption that the | ^mandatory minimum sentence is constitutional, the trial judge must also keep in mind the goals of the Habitual Offender Law.
Obviously, the major reason the Legislature passed the Habitual Offender Law was to deter and punish recidivism. A defendant with multiple felony convictions is treated as a recidivist who is to be punished for his instant crime in light of his continuing disregard for the láw. He is subjected to a longer sentence because he continues to break the law. It is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, a sentencing court is only allowed to determine whether the particular defendant has proven that the mandatory minimum sentence is so excessive in his individual case that it violates the constitution. See also State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525.
La. R.S. 40:967 B(4)(b) requires that a person convicted of distribution of cocaine be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of the sentence being without benefit of parole, probation, or suspension of sentence; the defendant may, in addition, be ordered to pay a fine of not more than $50,000. Under the Habitual Offender Law, the penalty for a triple offender is imprisonment “for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.” La. R.S. 15: 529.1 A(3)(a). Accordingly, Hackett faced a sentencing range of twenty to sixty years at hard labor. In imposing the twenty-year sentence, the trial court stated that it did not “... find that the facts of this case give rise to a sentence reduction pursuant to Dorthey [, 623 So.2d 1276 (La. 1993) ].”
l1fiIn State v. Williams, 05-0176 (La.App. 4 Cir. 5/3/06), 932 So.2d 693, this court affirmed the imposition of a life sentence on a defendant convicted of distribution of cocaine and adjudicated a third felony offender. In State v. Bentley, 02-1564 (La.App. 4 Cir. 3/12/03), 844 So.2d 149, we affirmed the mandatory minimum sentence imposed bn a defendant convicted of distribution of cocaine and adjudicated a third felony offender.[13]
Hackett has presented no evidence to rebut the presumption that the mandatory minimum twenty-year sentence in his case is unconstitutional. His argument lacks merit.
*1176 According, the multiple offender adjudication and sentence of Torrey Hackett is affirmed.[14]
AFFIRMED.

. Hackett faced a possible maximum sentence of sixty years.

. La. R.S. 15:529 C states:
The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.

.La. R.S. 15:529.1 F states:
The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.

. This court referenced therein State v. Henry, 96-1280, p. 7 (La.App. 4 Cir. 3/11/98), 709 So.2d 322, 325, where this court stated that:
... the state was unable to produce the fingerprints for one of the predicate offenses listed in the multiple bill of information. However, the State showed the person convicted in the prior offense had the same bureau of identification number, the same date of birth, and the same social security number as the Appellant. This court concluded that the State produced sufficient proof of the Appellant's identity as the person convicted in the prior offense.

. The state also cites State v. Armstead, 542 So.2d 28 (La.App. 4th Cir.1989); State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921 (1998); and State v. Jackson, 362 So.2d 522 (La.1978).

. Information about the facts of the prior crime were missing from the fingerprint card, but the card did bear the appellant's name, signature, personal information and date the *? prints were taken. The prints on the card matched the prints taken from the appellant in open court. The court concluded that:
In order to prove that [an] Appellant is a multiple offender, the State need only present competent evidence that there is a prior felony conviction and that the Appellant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982).

. In support, the state also cites to State v. Dunbar, 06-1030 (La.App. 4 Cir. 3/19/08), 981 So.2d 51; State v. Washington, 05-1006 (La. App. 4 Cir. 5/10/06), 931 So.2d 1120; and State v. Smith, 05-0375 (La.App. 4 Cir. 7/20/05), 913 So.2d 836.

. As previously noted, Hackett complains that he was originally charged as a double offender and therefore, he should not have been adjudicated as a third offender. However, evidence that he was a triple offender was taken at the multiple bill hearing of 3 December 2009. The trial court subsequently allowed the state to amend the multiple bill of information to reflect his status as a triple offender.

. The defense stipulated to Officer Pollard’s expertise in the taking, examination, and comparison of fingerprints.

. In State v. Breaux, 05-0065, unpub. (La.App. 4 Cir. 5/3/06), this court reversed the trial court's ruling that the state failed to prove that the appellant was a fourth felony offender because no fingerprints were found on the bills of information for the predicate offenses, but the fingerprints on the predicate arrest registers were sufficient to prove the appellant’s status as a fourth offender.

. In Burns, 97-1553, pp. 7-8, 723 So.2d at 1018-19, we said:
The penalties provided by La. R.S. 15:529.1 are not unconstitutional on their face. The trial court has the authority to reduce the mandatory minimum sentence provided by the statute for a particular offense and offender when such a term would violate the Appellant's constitutional protection against excessive punishment. Id. Because the minimum sentence is presumed constitutional, a trial court, in considering whether the minimum sentence for a particular crime would be unconstitutional if applied to a particular Appellant, may do so only if there is clear and convincing evidence to rebut the presumption of constitutionality. [Internal citations omitted.]

. See State v. Lindsey, 99-3302 (La. 10/17/00), 770 So.2d 339; State v. Johnson, supra; State v. Dorthey, 623 So.2d 1276 (La.1993).

. In State v. Wilson, 04-1156, unpub. (La.App. 4 Cir. 11/23/04), this court affirmed a forty-year sentence for a conviction of distribution of cocaine coupled with an adjudication of third felony offender status. In State v. Harvey, 08-0217 (La.App. 4 Cir. 5/13/09), 12 So.3d 496, this court affirmed a sixty-year sentence imposed on a defendant convicted of distribution of cocaine and adjudicated a second felony offense.

. As a final matter and notation, the record on appeal also indicates that trial court did not impose Hackett’s multiple offender sentence without the benefit of parole, probation, or suspension of sentence for the first two years, as required by the La. R.S. 40:967(B)(4)(b). When a defendant is sentenced as a habitual offender, the penalty increase is computed by reference to the sentencing provisions of the underlying offense. State v. Bruins, 407 So.2d 685, 687 (La.1981); State v. Victor, 11-45, p. 25 (La.App. 5 Cir. 11/15/11), 82 So.3d 301, 318. (We do not read the law as requiring a multiplication of the period of time that the "without-benefits” period applies.) Similarly, the conditions imposed on the sentence are those called for in the referenced statute. Id. However, this error does not require corrective action, because the "without-benefits” provision of a statute is self-activating. La. R.S. 15:301.1 A; State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799.