STATE OF LOUISIANA     *     NO. 2019-KA-0248

VERSUS     *

    COURT OF APPEAL

BREYIANA BROWN     *

    FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 531-281, SECTION "E"
Honorable Keva M. Landrum-Johnson, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano)


Paul J. Barker
The Law Offices of Paul J. Barker, LLC
700 Camp Street, Suite 418
New Orleans, LA 70130


    COUNSEL FOR DEFENDANT/APPELLANT

Donna Andrieu
Assistant District Attorney
Irena Zajickova
Assistant District Attorney
Leon Cannizzaro
DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119


    COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE


**CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED
MARCH 4, 2020**

Defendant, Breyiana Brown, appeals her conviction and sentence for manslaughter, complaining of the non-unanimous jury verdict and excessive sentence. A review of the record reveals only an error patent related to the restriction of benefits. As such, Defendant's conviction is affirmed. The sentence is amended to delete the improper restriction of benefits, and affirmed as amended.

## FACTUAL AND PROCEDURAL HISTORY

On July 13, 2016, Defendant shot the victim, Michelle Verasmende, numerous times in an apartment parking lot in New Orleans over a dispute involving drugs and jewelry.[1] The suspects were seen driving the victim's vehicle away from the scene. Shortly thereafter, the vehicle was dumped and burned. After Defendant was developed and identified as a suspect, she was stopped for questioning, which resulted in an arrest for possession of marijuana. In addition, the police recovered a bag containing eighteen individually wrapped bags of

---

[1] The evidence and testimony reflect that Defendant's brother was also present and involved in the shooting.

1

cocaine.  After a search of Defendant's residence, police recovered marijuana and a stolen firearm, which was matched to the bullets recovered from the scene.

On November 21, 2016, Defendant was charged with five offenses by grand jury indictment: 1) second-degree murder, 2) obstruction of justice, 3) possession with intent to distribute cocaine, 4) illegal carrying of a weapon while in possession of a controlled dangerous substance,[2] 5) illegal possession of a stolen firearm.  At arraignment, Defendant pled not guilty.

After the trial court denied Defendant's pre-trial motions,[3] trial commenced. After a four-day jury trial, the jury returned a responsive, non-unanimous verdict of manslaughter on the murder charge.  On the three remaining charges, the jury unanimously found Defendant guilty as charged.  After post-verdict motions were denied,[4] the trial court sentenced Defendant to the following: 1) thirty years at hard labor without benefits on manslaughter, 2) twelve years at hard labor for both obstruction and possession with the intent to distribute, 3) five years at hard labor for illegal possession of a stolen firearm.  The trial court ordered the sentences to run concurrently, with credit for time served.  It later denied Defendant's motion for reconsideration.  This appeal followed.

**ERRORS PATENT**

A review of the record reveals one patent error.  When imposing the sentence in connection with Defendant's manslaughter conviction, the trial court

---

[2] The State did not try Defendant on this charge and nolle prossed it after trial.
[3] The trial court denied defense motions to suppress evidence, sever the offenses, and for a unanimous jury verdict.
[4] The trial court denied Defendant's motions for a new trial and for post-verdict judgment of acquittal.

ordered that the thirty-year sentence be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:31 provides that a sentence for manslaughter requires a sentence of up to forty years; however, the statute does not prohibit eligibility for parole, probation, or suspension of sentence unless the victim is under ten years of age, in which case the sentence must be imposed without benefit of probation or suspension of sentence for not less than ten years.[5] Since the victim in this case was nineteen years old, Defendant's sentence is amended to delete the restriction of benefits.

## **DISCUSSION**

On appeal, Defendant raises two issues concerning the non-unanimous verdict and excessive sentence on the manslaughter conviction. First, Defendant challenges the constitutionality of the non-unanimous jury verdict rendered in connection with her manslaughter conviction. Defendant contends that the provisions authorizing non-unanimous verdicts set out in Louisiana were based upon racial discrimination and, as such, are violative of the Equal Protection Clause.

The Louisiana Supreme Court squarely addressed the issue presented by Defendant in *State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738. The Court noted "defendants argue that the use of non-unanimous verdicts [has] an insidious racial component, allow[s] minority viewpoints to be ignored, and is likely to chill participation by the precise groups whose exclusion the Constitution has proscribed." *Id.*, 2008-2215, p. 6, 6 So.3d at 742. The *Bertrand* Court found that a

---

[5] La. R.S. 14:31(B) states: "Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. However, if the victim killed was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than ten years nor more than forty years."

non-unanimous twelve-person jury verdict was constitutional and that La. C.Cr.P. art. 782[6] did not violate the Fifth, Sixth, and Fourteenth Amendments.  *Id.*, 08-2215, p. 8, 6 So.3d at 743.  This Court, on numerous occasions, has endorsed *Bertrand, supra,* upholding the constitutionality of non-unanimous verdicts, finding no violation of the Equal Protection Clause.  *See e.g., State v. Ravy,* 19-0144, p. 8 (La. App. 4 Cir. 9/11/19) 282 So.3d 289, 302; *State v. Warner,* 18-0739, p. 24 (La. App. 4 Cir. 5/29/19), 274 So.3d 72, 88; *State v. Young,* 18-0847, p. 11 (La. App. 4 Cir. 5/1/19), 270 So.3d 896, 902.

While convictions by juries composed of less than twelve persons may be constitutionally questionable by today's standards, we are bound by the long established holding in *Williams v. Florida*, which declared that a defendant's "Sixth Amendment rights, as applied to the States through the Fourteenth Amendment, [are] not violated by [a state's] decision to provide a six-man rather than a 12-man jury."  399 U.S. 78, 103, 90 S.Ct. 1893, 1907 (1970).[7]  For these reasons, until otherwise directed, we cannot find that the non-unanimous jury verdict on the manslaughter conviction violated the constitution.

Next, Defendant asserts that her thirty-year sentence for manslaughter is unconstitutionally excessive.  In support, Defendant points to evidence that she was only twenty-five years old at sentencing; she "was a productive member of

---

[6] In 2018, La. C.Cr.P. art. 782 was amended to require a unanimous verdict in cases for an offense in which the punishment is necessarily confinement at hard labor.  However, the provision specifically states the amendment is applicable to felonies committed on or after January 1, 2019.  *See* Acts. 2018, No. 483, Section 1, La. C.Cr.P. art. 782.

[7] The United States Supreme Court granted certiorari in *State v. Ramos*, 16-1199 (La. App. 4 Cir. 11/2/17), 231 So.3d 44, *writ denied*, 17-2133 (La. 6/15/18), 257 So.3d 679, and *writ denied sub nom, State ex rel. Evangelisto Ramos v. State,* 17-1177 (La. 10/15/18), 253 So.3d 1300 (presumably to consider whether the Fourteenth Amendment fully incorporates the Sixth Amendment guarantee of a unanimous verdict).

society," having worked during her adult life and having completed one and a half years of college; and, "[m]ost importantly, she has no prior criminal history."

"Both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive and cruel punishment." *State v. Wilson*, 2014-1267, p. 23 (La. App. 4 Cir. 4/29/15), 165 So.3d 1150, 1165. A sentence is excessive, even when it is within the applicable statutory range, if it is "'grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering.'" *Id.*, 2014-1267, p. 25, 165 So.3d at 1166 (quoting *State v. Hackett*, 2013-0178, p. 14 (La. App. 4 Cir. 8/21/13), 122 So.3d 1164, 1174). "In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice." *State v. Bradley*, 2018-0734, p. 8 (La. App. 4 Cir. 5/15/19), 272 So.3d 94, 100. "The excessiveness of a sentence is a question of law, and a reviewing court will not set aside a sentence absent a manifest abuse of discretion by the trial court." *State v. Alridge*, 2017-0231, p. 39 (La App. 4 Cir. 5/23/18), 249 So.3d 260, 288, *writ denied*, 2018-1046 (La. 1/8/19), 259 So.3d 1021, *petition for cert.*, S.Ct. No. 18-8748 (4/05/19).

In connection with Defendant's conviction on the charge of manslaughter, Defendant was facing a sentence of up to forty years. The trial court imposed a sentence of thirty years. However, before imposing Defendant's sentence, the court ordered a pre-sentence investigation and heard aggravating and mitigating testimony not only from the victim's family, but also from Defendant's family and from Defendant herself.

5

After listening to the testimony, the trial court noted Defendant's failure to heed her family's support and advice. The judge further stressed her lack of remorse.[8]

Although the trial judge in this case did not articulate further specific reasons for the sentence, in reviewing a claim that a sentence is excessive, an appellate court generally "must determine whether the trial court has adequately complied with the statutory guidelines in La. C.Cr.P. art. 894.1," and whether the sentence is warranted under the facts established by the record. *State v. Boudreaux*, 2011-1345, p. 5 (La. App. 4 Cir. 7/25/12), 98 So.3d 881, 885. "The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions." *State v. Gibson*, 2015-1390, p. 10 (La. App. 4 Cir. 7/6/15), 197 So.3d 692, 699. "Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even

---

[8] The trial court stated:

> So, Ms. Brown, I ordered a presentence investigation in this case, and I have to be honest with you, in hopes that it would give you an opportunity to step up and be accountable and take responsibility for your actions. Right? To give you the chance to be accountable for your role in the things that occurred, you didn't do it. Not only that, you didn't even express any remorse for what happened in that whole presentence investigation. You did say today you were sorry. I will say that. But I specifically ordered that to give you an opportunity to go on record and put those things in the record, didn't happen. That's why I did it, to give you that chance.
>
> You know, it's a shame because you have had opportunities that a lot of people don't have in life. You do have a supportive family. You know, your aunt said things that make more sense than a lot of people say, and you have people that are willing to stand with you and stand behind you. But it's unfortunate you don't see the value in that. Hopefully one day you will.
>
> People have to be accountable for their own behavior. That's a part about growing up, being an adult. The good, the bad, the ugly, you have to be accountable and take responsibility. And you should, at the very least, be remorseful, genuinely, sincerely, not in this whole trial – I watched your behavior. I read this PSI, nothing.
>
> So with that being said, the jury convicted you of manslaughter. I'm going to sentence you to that count to 30 years in the department of corrections. That is to be served without the benefit of parole, probation, or suspension of sentence. I will note that that is a crime of violence. I will give you credit for time served and run it concurrently with any and all sentences.

when there has not been full compliance with Article 894.1." *Id.* La. C.Cr.P. art. 881.4(D) expressly states that an "appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."

In this case, the record supports the sentence imposed. Defendant turned to a life of crime, selling illegal drugs to earn money. Even after the victim's death, Defendant continued to sell drugs. She shot the victim numerous times, leaving her to die in a parking lot. Then, she attempted to thwart the police investigation by destroying evidence and changing her phone number. She temporarily escaped to California, where she celebrated her birthday. After she was apprehended, she was uncooperative with the police and denied knowing the victim. Throughout the entire ordeal, Defendant was unremorseful until she testified at her sentencing hearing.

While Defendant's lack of a prior criminal history may be a factor to consider, it does not absolve Defendant of the guilt associated with her conviction on the charge of manslaughter. Courts have repeatedly upheld maximum forty-year sentences for defendants with no prior criminal histories who were found guilty of manslaughter. *See State v. Jones,* 01-0630 (La. App. 4 Cir. 3/20/02), 814 So.2d 623 (forty-year sentence not excessive for first offender originally charged with second degree murder, but convicted of manslaughter in the shooting death of a man with whom he had fought earlier the same night); *State v. White,* 48,788 (La. App. 2 Cir. 2/26/14), 136 So.3d 280 (upholding forty-year sentence imposed upon first offender defendant who shot the victim, was charged with second degree murder, but convicted of manslaughter).

Since the record supports the Defendant's thirty-year sentence for manslaughter, we do not find that the trial court abused its sentencing discretion.

Under the foregoing circumstances, her sentence is not unconstitutionally excessive.

**CONCLUSION**

Given that there are no grounds for reverseal, Defendant's manslaughter conviction is affirmed.  However, we amend the accompanying sentence to delete the restriction of benefits, and affirm the sentence as amended.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED**