12 So.3d 496 (2009)
STATE of Louisiana
v.
Dwayne HARVEY.
No. 2008-KA-0217.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 2009.
*497 Leon A. Cannizzaro, Jr., District Attorney, Brandi Dohre, Assistant District Attorney, New Orleans, LA, for the State of Louisiana.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge MAX N. TOBIAS, JR., Judge ROLAND L. BELSOME, Judge PAUL A. BONIN).
ROLAND L. BELSOME, Judge.
A jury found Dwayne Harvey guilty of distribution of cocaine and possession with intent to distribute cocaine. As a second felony offender, Mr. Harvey was sentenced to serve sixty years at hard labor on count one and on count two he was sentenced to thirty years at hard labor. Mr. Harvey's objections to the excessiveness of his sentences were denied. This appeal followed.

ERRORS PATENT
A review of the record fails to show that the district court restricted parole eligibility for the first two years of appellant's sentences as required by La. R.S. 40:967 and La. R.S. 15:529.1. However, as per La. R.S. 15:301.1 A and State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790, the sentence is deemed to have been imposed with the restriction, even in *498 the absence of the trial court's failure to delineate the restriction. Thus, there is no need for this court to correct the sentence. See State v. Phillips, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 675.

STATEMENT OF FACTS
On May 5, 2005, Detective Sislo was conducting surveillance in the area of Mandeville and North Derbigny Streets. He was conducting surveillance in that area because he had received a citizen complaint regarding drug activity. In the 1600 block of Mandeville Street, the detective observed a group loitering in front of a residence; hence, he parked his vehicle so that he could watch the group's activity. While watching, he observed that Mr. Harvey would step into the street anytime a car would come down Mandeville Street, and he would lean towards the car as if to make contact with the people inside. Based on the detective's experience, he believed that Mr. Harvey was trying to solicit customers.
As the detective continued to monitor him, Mr. Harvey met with a pedestrian. Detective Sislo observed the pedestrian give him money. Mr. Harvey then walked to the side of the house where he removed an object from under the siding of the house. He manipulated the object and then placed the object back under the siding. He then returned to the pedestrian and gave a small object to the pedestrian, who left. Because Detective Sislo believed he had just witnessed a narcotics transaction, he notified other officers working with him that there was activity in the area. Those officers relocated to the area to assist Detective Sislo. Detective Sislo told the other officers that Mr. Harvey was wearing a red baseball cap, a white undershirt, and blue jeans.
After the other officers relocated, a second pedestrian approached. The second pedestrian was later identified as appellant's codefendant, Mr. Gardner. Mr. Gardner handed money to Mr. Harvey. Mr. Harvey again went to the side of the house, retrieved the object, which this time Detective Sislo said looked like a bag. He removed something from the bag and gave it to Mr. Gardner, who placed it under the brim of his white baseball cap. Mr. Gardner left the area and was followed by Detectives Robinson and Dalfares to Elysian Fields Avenue where he was stopped and found in possession of cocaine. Once Mr. Gardner was arrested, Detective Sislo advised Detectives Roccaforte and Dalfares to arrest Mr. Harvey for distribution of cocaine. Detective Sislo then directed Detective Roccaforte to his stash on the side of the house, and a bag containing sixteen pieces of what appeared to be crack cocaine was retrieved. A search incident to his arrest found that he was in possession of one five dollar bill and five one dollar bills. Detective Sislo testified that during the entire time that he watched Mr. Harvey, no one else went to the side of the house. Both sides stipulated that the substance found in the bag retrieved by Officer Roccaforte tested positive for cocaine.

ASSIGNMENTS OF ERROR
On appeal Mr. Harvey first argues that the district court abused its discretion by overruling defense counsel's objections to the state's rebuttal argument that inferred that the burden of proof shifted to the appellant.
During the prosecutor's rebuttal, the following colloquy occurred:
State: Now, when he wantsgoing back to this issue about other people, why didn't they question other people, why didn't they question other people, well, Detective Roccaforte and Detective Sislo told you they hadthey weren't doing anything, they were just *499 there. So, what would they have to offer, why? Why question them?
And not only that, if the defendant was so concerned about hearing from them today, just like the State has access to Court to subpoena witnesses, he has that same access
Defense: Objection.
Court: I'll overrule that.
In State v. Clark, 2001-2087 (La.App. 4 Cir. 9/25/02), 828 So.2d 1173, this court set forth the standard for determining whether a prosecutor's remarks are so prejudicial as to warrant a new trial:
The scope of closing argument "shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The state's rebuttal shall be confined to answering the argument of the defendant." Prosecutors may not resort to personal experience or turn argument into a plebiscite on crime. However, prosecutors have wide latitude in choosing closing argument tactics. Further, the trial judge has broad discretion in controlling the scope of closing arguments. Even if the prosecutor exceeds the bounds of proper argument, a reviewing court will not reverse a conviction unless "thoroughly convinced" that the argument influenced the jury and contributed to the verdict. Even where the prosecutor's statements are improper, credit should be accorded to the good sense and fair mindedness of the jurors who have heard the evidence.
Id., p. 15, 828 So.2d at 1183. (citations omitted)
The state's rebuttal argument was in response to defense counsel's argument alluding to the fact that the state failed to subpoena other people who were on the street at the time of the arrest who allegedly could have solidified the evidence either for or against appellant. The state was entitled to answer the arguments of defendant. State v. Baudier, XXXX-XXXX (La.App. 4 Cir. 5/23/01), 789 So.2d 696; La.C.Cr.P. art. 774. However, we find that the state exceeded the bounds of proper argument and the district court abused its discretion by overruling the defense's objection. Further, the district court, at that time, should have instructed the jury to disregard the remarks and informed them of the state's burden of proof.
Mr. Harvey contends that the "generic burden of proof instruction" the jury ultimately receives is not sufficient to overcome the prejudice created by the comments. We disagree. Even though the statements inferring that the defendant had a burden to disprove the charges against him were improper, we are not thoroughly convinced that it contributed to the verdict. Therefore, we find the abuse of discretion on the part of the trial court was a harmless error.
Next, Mr. Harvey contends that the district court abused its discretion by denying appellant's motion for new trial after his codefendant testified that appellant did not sell him cocaine.[1]
*500 In State v. Price, XXXX-XXXX (La.App. 4 Cir. 4/02/03), 842 So.2d 491, this court set forth the standard for reviewing a trial court's denial of a motion for new trial based upon a claim of newly-discovered evidence:
In order to obtain a new trial based on newly discovered evidence, a defendant must show: (1) the new evidence was discovered after trial; (2) the failure to discover the evidence at the time of trial was not due to the defendant's lack of diligence; (3) the evidence is material to the issues at trial; and (4) the evidence is of such a nature that it would probably have changed the verdict of guilty. A trial court assessing the legal merits of a motion for new trial is given considerable latitude in evaluating the impact of newly discovered evidence on the verdict. The trial court has much discretion in ruling on a motion for new trial. Review of the trial court's ruling is limited to determining whether the trial court abused its discretion.
Id., pp. 26-27, 842 So.2d at 508-509 (citations omitted).
The transcript of the hearing on the motion for new trial provides testimony from Mr. Harvey's co-defendant, Mr. Gardner, stating that he did not purchase cocaine from appellant. Instead, he found the cocaine that he possessed on the ground as he was walking towards his friend's house on Elysian Fields Avenue. He also indicated that he was stopped by police for no apparent reason.
Mr. Harvey did not establish that after due diligence he was unable to secure Mr. Gardner as a witness at the time of trial. Though the defense stated that Mr. Gardner was in violation of his probation, the defense failed to show that any attempt was made prior to trial to find him. Further, the state countered appellant's insinuation that Mr. Gardner had absconded from the jurisdiction by noting that he was arrested in Orleans Parish the day after Mr. Harvey's trial.
As to the probability that Mr. Gardner's testimony would have changed the verdict, Mr. Harvey avers that the evidence would have impacted his conviction, especially with regard to the count involving distribution of cocaine to Mr. Gardner. However, the state argues that Mr. Gardner's testimony that he found a single piece of cocaine lying on the ground as he was walking on Elysian Fields Avenue is somewhat incredible.
Notably, the district court was in the best position to view the demeanor of Mr. Gardner and to determine the veracity of his testimony. After hearing Mr. Gardner's testimony, the district court denied Mr. Harvey's motion for new trial. In light of the facts and evidence presented, we cannot find that the district court abused its discretion. See also State v. Perique, 340 So.2d 1369, 1376-77 (La. 1976), (where the court held that, after a joint trial where both defendants were found guilty, an allegation in a motion for new trial by one co-defendant that the other co-defendant will now testify on his behalf was not a sufficient ground for granting a motion for new trial).
By his final assignment of error, Mr. Harvey asserts that his sentences are excessive. The standard for evaluation in a claim for an excessive sentence is set forth in State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to ... excessive ... punishment." (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. A sentence is unconstitutionally excessive *501 when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion.
Id., p. 7, 839 So.2d at 4. (citations omitted).
Generally, the reviewing court must determine whether the trial judge adequately complied with the guidelines provided for in La.C.Cr.P. art. 894.1 and then whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La. 1983). Where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even when there has not been full compliance with Article 894.1. State v. Egana, 97-0318 (La.App. 4 Cir. 12/3/97), 703 So.2d 223.
In the present case, the appellant was convicted of distribution of cocaine and possession with the intent to distribute cocaine. After finding him to be a second felony offender, the district court sentenced appellant to serve sixty years at hard labor on the distribution count, the maximum sentence under La. R.S. 40:967 and La. R.S. 15:529.1.[2] On the remaining count, he was sentenced to serve thirty years at hard labor as a second felony offender.[3]
At the sentencing hearing, the district court considered several factors prior to imposing sentence. It first noted that while Mr. Harvey was on bond in the instant matter, he committed a crime remarkably similar to the facts here, and again the crime occurred on Mandeville Street; he was arrested after being found under a house in possession of 900 grams of marijuana and $790.00. These charges were pending before the court at the time of sentencing.
Second, the district court noted that Mr. Harvey lied to the court when he told the court that he missed his trial date of February 12, 2007 because his attorney told him to leave the building before he was arrested. The attorney denied ever having told him to leave.
Third, the district court noted that the pre-sentence investigation showed that he had three prior convictions in which he entered guilty pleas to possession of marijuana, simple robbery after having been originally charged with armed robbery, and possession of cocaine after having been originally charged with possession with intent to distribute cocaine. The court noted further that Mr. Harvey had served time in jail and on probation, yet every time he was released on probation, he again committed a crime. The court additionally noted its concern for the people who lived in the neighborhood where the instant and pending crimes occurred.
We find that the district court adequately complied with La. C.Cr.P. art 894.1. The court considered the totality of the circumstances, specifically noting that appellant had three prior convictions and a similar narcotics case still pending before it. See, State v. Calway, 98-2061 (La.App. 4 Cir. 11/17/99), 748 So.2d 1205.
*502 The appellant contends that the facts of the pre-sentence investigation were not proven and therefore should not have been considered by the district court. However, he failed to offer any evidence to rebut the information relied upon by the district court or any mitigating factors at the sentencing. Thus, as in Calway, appellant's criminal record and his actions appear to justify the imposition of the maximum sentence of sixty years for distribution of cocaine and the thirty-year sentence for possession with intent to distribute cocaine.
AFFIRMED.
TOBIAS, J., concurs in part and dissents in part.
TOBIAS, J., concurs in part and dissents in part.
I respectfully concur in the result reached by the majority. The decision of the trial court is properly affirmed.
However, I respectfully dissent from the majority's holding that the "state exceeded the bounds of proper argument and the district court abused its discretion by overruling the defense's objection [during the prosecution's rebuttal]." The prosecution's statement that witnesses who were not called to testify were available to both the state and the defendant is merely a statement of fact and within the parameters of State v. Clark, 01-2087 (La.App. 4 Cir. 9/25/02), 828 So.2d 1173, and its progeny. Thus, I find no abuse of discretion or error of the part of the trial judge, and the majority errors in finding that the statement was harmless error. No error occurred, harmless or otherwise.
NOTES
[1] In its brief, the state begins by arguing that the written motion for new trial was not filed in conformity with La.C.Cr.P. art. 854 because it merely alleged that the verdict was contrary to the law and evidence. Specifically, the state indicates that the motion did not contain the name of the witness, the facts to which the witness would testify, and information showing that the witness was not beyond the process of the court as required by the article. However, by not objecting to the defects in the written motion in the trial court, it would seem that the state waived this claim.
[2] The sentencing range as a second felony offender is between fifteen and sixty years at hard labor.
[3] Pursuant to State v. Shaw, 2006-2467 (La. 11/27/07), 969 So.2d 1233, appellant could be sentenced as a multiple offender on both convictions.