JUDGE SANDRA CABRINA JENKINS
In State v. Turner , 16-0230, unpub. (La. App. 4 Cir. 10/19/16), 2016 WL 6094507, writ denied , 16-2056 (La. 9/15/17), 225 So.3d 484 (" Turner I "), this Court affirmed defendant's conviction on four counts of distribution of cocaine but vacated defendant's sentence and remanded the matter to the trial court in order to hold a recusal hearing to determine if recusal of the presiding trial court judge is proper. On remand, the trial court judge, Division "B", issued an order recusing himself on his own motion and ordering the case transferred to Division "A". Thereafter, on *1092 January 9, 2018, the trial court sentenced defendant as a third felony offender to twenty-five years at hard labor on each of the four counts of his conviction, to run concurrently with each other but consecutively with the ten-year sentence he was already serving for three other convictions. Defendant now appeals his sentence. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On October 27, 2014, defendant was charged by bill of information with five counts of distribution of cocaine, violations of La. R.S. 40:967(B)(1).[1] Defendant pled not guilty to all charges. Prior to trial, the State dismissed one count of the bill. At the close of the jury trial, on October 14, 2015, defendant was convicted on the four remaining counts of distribution of cocaine.
On October 15, 2015, the State filed a multiple bill of information charging defendant as a fourth felony offender. On November 2, 2015, defendant filed a motion to quash the multiple bill. On November 6, 2015, the trial court denied defendant's motions for new trial and for post-verdict judgment of acquittal.
On December 16, 2015, the trial court sentenced defendant to twenty-five years on each count of his conviction, sentences to run concurrent with one another but consecutive to a ten year sentence defendant was already serving. Also on that date, the State amended the multiple bill to charge defendant as a third felony offender and proceeded to present evidence to the trial court in support of the multiple bill. Following the presentation of evidence and argument, the trial court denied defendant's motion to quash the multiple bill, found sufficient proof that the State carried its burden of proving the multiple bill, and adjudicated defendant a third felony offender. The trial court vacated defendant's original sentence and resentenced him pursuant to La. R.S. 15:529.1 to forty years, to run consecutive to the sentence he was currently serving.
Defendant timely appealed his conviction and sentence, raising two counseled and two pro se assignments of error. In Turner I , this Court found no merit in defendant's arguments as to insufficiency of evidence to support his conviction, the denial of defendant's challenge for cause to remove a prospective juror, and a claim of ineffective assistance of trial counsel. Turner I , 16-0230, pp. 6-9, 2016 WL 6094507. Accordingly, this Court affirmed defendant's conviction. However, in reviewing defendant's claim that his forty year sentence as a third felony offender was excessive, this Court found that "the trial judge's bias comments on record regarding his past knowledge and experiences with Mr. Turner create a possible conflict of interest that warrants a recusal in this matter." Turner I , 16-0230,2016 WL 6094507. Consequently, this Court vacated defendant's sentence and remanded the matter to the trial court "to hold a recusal hearing to determine whether the recusal of the presiding judge is warranted." Id.
Following the remand, on October 17, 2017, the presiding trial court judge, Division "B", issued an order recusing himself on his own motion and transferring the case to Division "A" for further proceedings. Thereafter, on January 9, 2017, defendant appeared for resentencing in Division "A." In consideration of the Presentencing Investigation, and after hearing arguments from counsel, the trial court resentenced defendant as a third felony offender to twenty-five years at hard labor, to run consecutive to the sentence *1093 he is serving in three other cases, pursuant to La. C.Cr.P. art. 883.
On January 12, 2018, defendant filed a motion to reconsider sentence and a motion for appeal. On January 25, 2018, the trial court denied the motion to reconsider sentence but granted the motion for appeal.
Defendant now appeals the sentence imposed on remand from this Court's prior decision affirming defendant's conviction. Turner I , supra .
ERRORS PATENT
A review for errors patent on the face of the record reveals one as to the sentence.
In resentencing defendant as a third felony offender under La. R.S. 15:529.1, the trial court failed to stipulate that defendant's sentence shall be served without benefit of parole for the first two years, and without the benefit of probation or suspension for the entirety of his sentence, in accordance with La. R.S. 40:967(B)(4)(b) and 15:529.1(G). However, pursuant to La. R.S. 15:301.1(A), a sentence which is imposed under the provisions of a statute mandating the restriction of benefits shall be deemed to contain those restrictions. Accordingly, our jurisprudence recognizes that La. R.S. 15:301.1(A)"self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute." State v. Dowell , 16-0371, pp. 4-5 (La. App. 4 Cir. 8/10/16), 198 So.3d 243, 246-47 (quoting State v. Williams , 00-1725, p. 10 (La. 11/28/01), 800 So.2d 790, 799 ). Therefore, defendant's sentence is deemed to have been imposed with the restriction of benefits in accordance with La. R.S. 15:529.1(G), and this Court need not take any action to cure this error.
DISCUSSION
In this appeal, defendant raises one counseled assignment of error and four pro se assignments of error. Two of defendant's pro se assignments of error challenge his conviction, arguing insufficient evidence and the denial of his right to a fair trial. However, this Court previously reviewed and affirmed defendant's conviction, which is now final. See Turner I , supra ; La. C.Cr.P. art. 922. Any trial error issues concerning defendant's conviction that were not raised in defendant's original appeal are considered waived and are not subject to review in this appeal. State v. Anderson , 97-2587, p. 6 (La. App. 4 Cir. 11/18/98), 728 So.2d 14, 18 (citing State v. Freeman , 565 So.2d 1084 (La. App. 4 Cir. 1990) ; see also , State v. Carter , 16-1078, p. 3, n.1 (La. App. 1 Cir. 12/22/16), 210 So.3d 306, 308. Accordingly, the scope of review for this appeal is limited to alleged errors in defendant's resentencing. Anderson , supra .
Counseled Assignment of Error
By the sole counseled assignment of error, defendant argues that the twenty-five year sentence imposed by the trial court is unconstitutionally excessive under the circumstances of this case. Defendant challenges both the length of the sentence imposed and the order that it run consecutive to the ten-year sentence he is already serving for prior convictions.
" Art. I, § 20 of the Louisiana Constitution prohibits excessive sentences. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment." State v. Lambert , 15-0629, p. 22 (La. App. 4 Cir. 3/16/16), 191 So.3d 630, 644. A sentence is unconstitutionally excessive when it imposes punishment grossly out of proportion to the severity of the crime, makes no measureable *1094 contribution to acceptable goals of punishment, or constitutes nothing more than needless infliction of pain and suffering. Id. ; State v. Smith , 01-2574, p. 6 (La. 1/14/03), 839 So.2d 1, 4.
In reviewing a claim that the sentence imposed is excessive, an appellate court must determine first whether the trial court adequately complied with the statutory guidelines in La. C.Cr.P. art. 894.1. State v. Martin , 13-0628, p. 17 (La. App. 4 Cir. 5/28/14), 141 So.3d 933, 944. If the appellate court finds adequate compliance with La. C.Cr.P. art. 894.1, then it must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, "keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged." State v. Batiste , 06-0875, p. 18 (La. App. 4 Cir. 12/20/06), 947 So.2d 810, 820 (quoting State v. Landry , 03-1671, p. 8 (La. App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239 ). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La. C.Cr.P. art. 881.4. Moreover, "[a] trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion." State v. Hackett , 13-0178, p. 14 (La. App. 4 Cir. 8/21/13), 122 So.3d 1164, 1174 (quoting State v. Smith , 01-2574, pp. 6-7 (La. 1/14/03), 839 So.2d 1, 4.). "On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion." Id.
From our review of the resentencing hearing, we find the trial court adequately complied with La. C.Cr. P. art. 894.1 and considered the particular facts of the case and history of this defendant. Prior to sentencing defendant, the trial court stated that the sentencing range for each count of defendant's conviction for distribution of cocaine was two to thirty years, and that the sentencing range as a third felony offender was two-thirds to double the maximum sentence, or twenty to sixty years.[2] The trial court reviewed the Pre-Sentence investigation report and heard arguments by counsel regarding aggravating and mitigating circumstances and defendant's history. The trial court then articulated the considerations taken into account in determining defendant's sentence, particularly regarding whether to run defendant's sentence concurrent or consecutive to the ten-year sentence he was already serving on three prior felony convictions. The trial court explained that La. C.Cr.P. art. 883 provides a clear directive that "[o]ther sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently;" but the trial court noted it had the discretion to deviate from consecutive sentences if warranted under the circumstances of the case and defendant's *1095 history. Then, the trial court considered defendant's six prior felony convictions, including "at least one previous act or crime of violence" and several offenses involving the distribution of narcotics, which the court considered to be "serious for the community." After reviewing defendant's history, and considering the sentencing range and the directive from La. C.Cr.P. art. 883, the trial court imposed a sentence of twenty-five years on each count of defendant's conviction in this case, to be served consecutive to the ten-year sentence defendant is already serving for other convictions.
Although defendant concedes that the sentence imposed is within the statutory limits in effect at the time of his offenses, defendant argues the twenty-five year sentence running consecutive to his ten-year sentence is excessive in light of the current, more lenient sentencing provisions for a violation of La. R.S. 40:967(B) and for multiple offender sentencing under La. R.S. 15:529.1(A)(3).[3] Under the current penalty and enhancement provisions, the sentencing range for a conviction of distribution of cocaine and adjudication as a third felony offender would be five to twenty years. Defendant argues that the amended penalty provisions reflect a dramatic change in the public attitude regarding appropriate sentences for drug offenses; and, in light of that dramatic change, he argues that his twenty-five year sentence is excessive. Defendant also argues that the twenty-five year sentence running consecutive to his ten-year sentence amounts to "a virtual life sentence ... for a thirty-five year old man ... for nothing more than selling small amounts of cocaine." We find no merit in defendant's arguments.
"[I]t is generally settled that the law in effect at the time of the commission of the offense is determinative of the penalty which is to be imposed upon the convicted accused." State v. Parker , 03-0924, pp. 9-10 (La. 4/14/04), 871 So.2d 317, 322. "The mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute." State v. Sugasti , 01-3407, pp. 4-5 (La. 6/21/02), 820 So.2d 518, 520 (quoting State v. Narcisse , 426 So.2d 118, 130-31 (La. 1983) ). Although "an ameliorative change in the penalty provision of a statute which occurs after the commission of the offense is a factor to be weighed by the trial judge in imposing sentence ... the trial judge should not derogate from the penalty provision in effect at the time of the commission of the offense." Sugasti , 01-3407, p. 5, 820 So.2d at 520-21.
In this case, the twenty-five year sentence imposed by the trial court is on the lower end of the statutory sentencing range of twenty to sixty years, in effect at the time of the commission of the offenses. Notably, the trial court resentenced defendant to a reduced term of imprisonment; defendant was originally sentenced to forty years, which is a mid-range sentence under the applicable penalty provisions. In addition, the sentence imposed for defendant's conviction of distribution of cocaine and adjudication as a habitual offender is in line with this Court's jurisprudence. See State v. Harvey , 08-0217 (La. App. 4 Cir. 5/13/09), 12 So.3d 496 (affirming a sixty-year sentence imposed on a defendant convicted of distribution of cocaine and adjudicated a second felony offender);
*1096 State v. Williams , 05-0176 (La. App. 4 Cir. 5/3/06), 932 So.2d 693 (affirming the imposition of a life sentence on a defendant convicted of distribution of cocaine and adjudicated a third felony offender); State v. Wilson , 04-1156, unpub. (La. App. 4 Cir. 11/23/04), 888 So.2d 1169 (affirming a forty-year sentence for defendant convicted of distribution of cocaine and adjudicated a third felony offender).
Finally, the record reflects defendant's recidivist history that, as noted by the trial court, includes six prior felony convictions, for at least one crime of violence (second degree battery) and numerous drug offenses. The Habitual Offender Law was enacted by the Louisiana Legislature to deter and punish recidivism. See Hackett , 13-0178, p. 15, 122 So.3d at 1175. "A defendant with multiple felony convictions is treated as a recidivist who is to be punished for his instant crime in light of his continuing disregard for the law." Hackett , 13-0178, p. 15, 122 So.3d at 1175. Here, defendant has failed to show that he is exceptional or that he is a victim of the legislature's failure to assign sentences meaningfully tailored to his culpability, the gravity of his offense, and circumstances of his case. See State v. Johnson , 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 677. Consequently, we find no merit to his arguments that the sentence imposed by the trial court was unconstitutionally excessive under the circumstances.
Pro Se Assignment of Error # 1
In this assignment of error, defendant argues he was denied the right to judicial review due to an incomplete record of this case on remand. Specifically, defendant asserts that the transcript of the recusal hearing, ordered by this Court in Turner I , is missing from the record and, consequently, he argues he has been denied meaningful appellate review.
As stated previously, in Turner I , this Court affirmed defendant's conviction but vacated his sentence and remanded to the trial court "to hold a recusal hearing to determine whether the recusal of the presiding judge is warranted." On remand, the presiding judge recused himself from defendant's resentencing on his own motion, reasoning as follows:
The Court informed all parties of his prior representation of Myron Lee Turner, the defendant, prior to trial and sentencing. At the sentencing hearing, the Court noted the prior convictions and the previous sentences Turner had received, including the matter on which the Court had represented Turner several years earlier. For a third felony offender like Turner, the sentencing range was twenty to sixty years; and, the sentence of forty years on each count, to run concurrently with each other, was a mid-range sentence.
In the previous matter in which the Court represented him Turner received a seven-year sentence which the Court noted was a serious sentence that was believed would send a message to him. In the present matter, the Court stated that the message had not been made clear to Turner. Under La. C.Cr.P. art. 894.1(A)(3), a court should impose a sentence of imprisonment if a lesser sentence would deprecate from the seriousness of the defendant's crime.
However, Turner's sentence was vacated by the Fourth Circuit Court of Appeal which concluded that the Court's comments during the sentencing hearing indicated bias based on the Court's past knowledge and experience with Turner and thereby warranted a recusal by the Court. Accordingly, the Court is recusing itself to avoid the perception of bias.
*1097 Based on our review of the presiding judge's motion and order recusing himself, we find that the presiding judge adequately complied with this Court's order and, consequently, no recusal hearing was required. See La. C.Cr.P. art. 672. Thus, there is no transcript of a recusal hearing. Upon our review of the record on remand, we find no merit to defendant's argument.
Pro Se Assignment of Error # 3
In this assignment of error, defendant argues that his sentence as a third felony offender is unconstitutional because it constitutes double jeopardy for the underlying offenses for which he was already sentenced.
Both the Fifth Amendment to the United States Constitution and Art. I, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense and to protect an accused against multiple punishment for the same conduct. North Carolina v. Pearce , 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) ; State v. Vaughn , 431 So.2d 763, 767 (La. 1983) ; State v. Holloway , 12-0926 (La. App. 4 Cir. 7/3/13), 120 So.3d 795, 797.
It is well-settled law that double jeopardy does not apply to multiple offender proceedings. State v. Langendorfer , 389 So.2d 1271, 1277 (La. 1980) ; see also , State v. Holloway , 12-0926 (La. App. 4 Cir. 7/3/13), 120 So.3d 795, 797. The Habitual Offender Law, La. R.S. 15:529.1, does not create a new or separate offense based on the commission of more than one felony but merely provides for imposition of an increased sentence for persons convicted of second and subsequent felonies. State v. Hayes , 412 So.2d 1323, 1325-26 (La. 1982) ; State v. Boatner , 304 So.2d 661, 662 (La. 1974) ; see also , State v. Dorthey , 623 So.2d 1276, 1279 (La. 1993) (providing that Louisiana's Habitual Offender statute is simply an enhancement of punishment provision; it does not punish status and does not on its face impose cruel and unusual punishment). Accordingly, we find no merit to defendant's argument that his sentence as a habitual offender constitutes double jeopardy.
CONCLUSION
For the foregoing reasons, we affirm the sentence imposed on defendant following remand by this Court in Turner I , supra , affirming defendant's conviction.
AFFIRMED
BELSOME, J., CONCURS IN THE RESULT.

The facts underlying defendant's offenses are reported in this Court's prior opinion. Turner I , supra . Those facts are not relevant to the issues addressed in this opinion.

At the time of the commission of his offenses, in 2014, La. R.S. 40: 967(B)(4)(b) provided that a person convicted of distribution of cocaine be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of the sentence be imposed without benefit of parole, probation, or suspension of sentence; and, the defendant may be ordered to pay a fine of not more than $50,000. In addition, in 2014, La. R.S. 15:529.1(A)(3)(a), the pertinent sentencing provision for a third felony offender, provided that "[t]he person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction." Thus, under the applicable sentencing statutes, defendant was subject to a sentencing range of twenty to sixty years for his conviction of distribution of cocaine and adjudication as a third felony offender.

In 2017, the Louisiana Legislature amended and reduced penalty provisions for certain felony offenses, including La. R.S. 40:967(B), and the sentencing enhancements for habitual offenders under La. R.S. 15:529.1. 2017 La. Acts Nos. 281, § 2; 282, § 1.